FILED

DEC 1 4 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES WALTER WERBY,                                     Civil No. 08-1381-PK

      Petitioner,                              FINDINGS AND RECOMMENDATION

  v.

BRIAN BELLEQUE,

      Respondent.


  NELL BROWN
  Assistant Federal Public Defender
  101 S.W. Main Street, Suite 1700
  Portland, OR  97204

      Attorney for Petitioner

  JOHN R. KROGER
  Attorney General
  JONATHAN W. DIEHL
  Assistant Attorney General
  Oregon Department of Justice
  1162 Court Street, NE
  Salem, OR  97301

      Attorneys for Respondent


  1 - FINDINGS AND RECOMMENDATION -

PAPAK, Magistrate Judge.

Petitioner, James W. Werby, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions for Attempted Aggravated Murder, Kidnapping in the First Degree, and Assault in the First Degree. He alleges ineffective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and judgment should be entered dismissing this action with prejudice.

## BACKGROUND

In 2003, Werby was temporarily released from the California state prison system to face charges in Oregon. In an attempt to escape from Klamath County Jail, Werby beat, placed a choke hold on and dragged a female corrections officer around the jail, threatened to kill the officer, held a handmade weapon to her neck, and stabbed the officer multiple times in the head. (#24, Exs. 104 and 113.) In a nine (9) count indictment, Werby was charged with Conspiracy to Commit Aggravated Murder, Attempted Aggravated Murder, Conspiracy to Commit Kidnapping in the First Degree, Kidnapping in the First Degree, Criminal Conspiracy to Commit Escape in the First Degree, Assault in the Second Degree, Assaulting a Public Safety Officer, Supplying Contraband, and Resisting Arrest. (#24, Ex. 102.) On March 19, 2003, Werby accepted a negotiated plea offer and entered pleas of guilty to Attempted Aggravated Murder, Kidnapping in the First Degree, and

2 - FINDINGS AND RECOMMENDATION -

Assault in the Second Degree.  In exchange, the prosecution agreed to dismiss the remaining counts and to dismiss three other pending cases.[1]  (#24, Ex. 104.)  The court found Werby's pleas were knowingly and voluntarily made and received them.  The court imposed consecutive sentences under Measure 11, for a total of 280 months imprisonment.  (*Id.*)  Werby did not file a direct appeal.  His conviction was final on April 19, 2003.

After sentencing, Werby was housed in the Intensive Management Unit ("IMU") at the Oregon State Penitentiary ("OSP") for approximately three weeks before being returned to California.  (#43, at 2.)  Upon returning to the California prison system, Werby was housed in the Administrative Segregation Unit ("ASU") at High Desert State Prison, in Susanville, before being transferred to California State Prison, Corcoran.  (*Id.*)  At Corcoran, he was housed in the Security Housing Unit ("SHU").  (*Id.*)  Werby was paroled from California and was transported back to the Oregon in May, 2004.  As of May 27, 2004, he was housed at OSP's intensive management unit.  (*Id.* at 3.)

On September 17, 2004, Werby signed a *pro se* petition for post-conviction relief ("PCR"), challenging his sentencing as unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004)

---

[1]In one case, Werby was charged with Attempted Murder, for events in 2002; in the two other cases Werby was charged with Criminal Mischief (for breaking a window in the cell of the jail, on February 4, 2003, and again on February 5, 2003.) (#24, Ex. 115 pp. 9-10 and 40-42.)

3 - FINDINGS AND RECOMMENDATION -

and *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and alleging he was denied the effective assistance of trial counsel. (#24, Ex. 105.) The PCR court denied relief. (#24, Exs. 121-123.) Werby appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (#11 Exs. 128, 127.) Final judgment issued September 9, 2008. (#11 Ex. 128.)

On November 13, 2008, Werby signed the *pro se* Petition for Writ of Habeas Corpus filed in this Court (#1), raising one ground for relief: "Trial counsel inadequately represented petitioner at plea bargain and subsequent stages of proceedings." (#1, at 6.) Respondent asserts Werby's federal habeas petition is untimely under the Antiterrorism and Effective Death Penalty Act's (AEDPA) 1-year statute of limitations, that his claim is procedurally defaulted, and that the state PCR court decision denying relief is entitled to deference. (#21.)

Werby's Memorandum addresses only the untimeliness of his petition. Werby argues he is entitled to equitable tolling of the statute of limitations because he was "denied meaningful access to legal materials[,]" and this denial was the cause of his untimeliness. (#43, at 6-14.) Respondent argues Werby does not meet the standards for equitable tolling. (#50).

## DISCUSSION

The AEDPA was enacted on April 24, 1996. Pursuant to the Act, a one-year period of limitation applies to an application for a

4 - FINDINGS AND RECOMMENDATION -

writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1).  The limitation period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

Respondent notes: Werby had one year from April 19, 2003, in which to file his federal habeas petition, excluding any time during which a state collateral proceeding was pending; Werby filed a timely petition for state post-conviction relief on October 1, 2004; the PCR court judgment was final on September 9, 2008; Werby signed his federal habeas petition on November 24, 2008; 609 days accrued, exceeding the 365-day limitation period by 244 days. (#21, at 4.)

Werby does not dispute Respondent's calculation of elapsed time and concedes the instant petition was filed beyond the one-year limitation period under the AEDPA.  However, Werby urges the court to apply equitable tolling, or order discovery and an evidentiary hearing. (#43, at 14.)  For the reasons set forth below, the Court finds that neither equitable tolling nor a hearing is warranted.

1.  Equitable Tolling

The AEDPA's one-year limitation is subject to equitable tolling.  *Holland v. Florida*, 130 S.Ct. 2549, 2560-65 (2010); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002);

*Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (en banc). However, "[t]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda*, 292 F.3d at 1066 (internal quotation marks and citation omitted); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable tolling is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time.'" *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003)), *cert. denied*, 546 U.S. 1171 (2006). Decisions on equitable tolling must be made on a case-by-case basis, "draw[ing] upon decisions made in other similar cases for guidance." *Holland*, 130 S.Ct. at 2563.

"Extraordinary circumstances exist when ... wrongful conduct prevents a prisoner from filing." *Stillman*, 319 F.3d at 1202. Equitable tolling may be justified when a prisoner is prevented from filing by a state official's wrongful conduct, an inadequate prison library, denial of access to his files, or an attorney's egregious conduct. *Shannon*, 410 F.3d at 1089-90, (citing cases); *see also Holland*, 130 S.Ct. at 2562-64 (attorney conduct beyond "excusable neglect" may warrant tolling). Equitable tolling may also be justified when a prisoner is denied access to all his legal

files during a "lock-down," *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002); or during administrative segregation imposed for his protection. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1023 (9th Cir. 2005); *but see Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (equitable tolling not indicated simply because inmate was in administrative segregation with limited access to law library and copy machine). An inmate's ignorance of the law and lack of legal sophistication do not warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006).

A habeas petitioner seeking equitable tolling must establish "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing of his federal petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Werby has not met this requirement.

Werby argues equitable tolling should apply because he would have filed his petition within the statute of limitations had he not been housed in segregated housing units of the California prison system. (#33, at 4.) He contends his incarceration in highly restrictive prison units denied him "meaningful access to legal materials and the courts and constituted an extraordinary circumstance that prevented [him] from timely challenging his conviction." (*Id.* at 4 and 7-8.) Werby further argues the fact he filed his federal habeas petition within approximately 65 days of learning his PCR Petition for Review had been denied is evidence he

diligently pursued his legal remedies.  (*Id.* at 3.)

In his affidavit to this Court, Werby states, in relevant parts:

3.    After the incident that led to the conviction I am now seeking to challenge, my movement was highly restricted in each of [the facilities in which I was incarcerated].

5.    I was able to request legal materials, but the prison did not have any Oregon materials so I was unable to obtain post-conviction materials from Oregon.  Moreover, any request for legal materials had to be specific so I needed to know exactly what to ask for before making any requests.

* * *

7.    While I was housed in the Corcoran SHU . . . I did not have access to my Oregon legal paperwork.  I was told I was not permitted to go to the law library without proof of a pending appeal.  I did not have a pending appeal because I was unable to file for an appeal.  I believe that I was able to obtain legal materials (although not Oregon materials), but only if I knew the specific materials I needed.

8.    It was my understanding that I needed to file for Oregon post-conviction relief before filing for federal habeas relief.  I also understood that I had two years to file for post-conviction relief, and that I would be paroled from my California sentence on May 23, 2004, and transferred to Oregon at that time, which would be within the two-year period.  I understood, based on previous requests for legal materials, that the California prison did not have Oregon legal materials.

9.    I tried to write to Oregon prisoners for assistance in obtaining forms and materials necessary for post-conviction relief.    These letters were returned to me.  My prior attorney . . . never responded to my letters.  In particular, given my lack of legal training, severely limited resources, the highly restrictive settings . . . and my

> inability to do research while in California, I did
> not know else who to write to or how I could
> continue fighting my Oregon case until I was . . .
> returned to Oregon, which I knew would occur in May
> 2004.

(#43, Ex. B. at 2-3.)

Based on Werby's affidavit, the Court concludes extraordinary circumstances beyond his control did not prevent him from filing a *federal* petition within the limitation period. The "incident" for which Werby was convicted that led to his movements being severely restricted was the attempted murder, the kidnapping, and the assault of a corrections officer. Werby's assignment to highly restrictive housing units as a result of his actions is not unlawful conduct by state officials. And the consequences of the restricted privileges for SHU inmates, consequences of the inmates' unlawful behavior, are not extraordinary circumstances beyond a petitioner's control. *See Ramirez v. Yates*, 571 F.3d at 998; *c.f. Espinoza-Matthews*, 432 F.3d at 1023 (administrative segregation imposed for inmate's protection). To conclude otherwise would distort the nature and purpose of equitable tolling, significantly lower the threshold for its application, and reward a prisoner's unlawful behavior.

Furthermore, Werby's affidavit shows that his focus while incarcerated in the California prison system was on filing a state PCR petition within Oregon's two-year limitation period, not on filing a *federal* habeas petition. Werby presents no evidence to

9 - FINDINGS AND RECOMMENDATION -

show he was diligently pursuing federal habeas relief during his incarceration in California; or that he sought and was denied access to the AEDPA while attempting to file a federal petition. *C.f. Roy*, 465 F.3d at 969 (alleging specific efforts to file federal petition; alleging outdated legal materials with no information about AEDPA). Werby alleges he was deprived of meaningful access to legal materials and the library and this prevented him from pursuing relief, (#53, at 2-4), but he acknowledges access to legal materials (other than Oregon state materials) and the library was possible. (#43, Ex. B. at 2-3.) And the facts relevant to Werby's claim that counsel failed investigate his reasons for pleading guilty were not in the trial record and he could, therefore, draft a *pro se* petition without access to his state file. *See Williams v. Sheperd*, 238 Fed.Appx. 260, 2007 WL 1829288 (C.A.9(Cal.)). Werby contends he was "lulled into inaction, comforted by the fact that he was scheduled to be paroled to Oregon in May 2004, where he knew he would have access to the necessary materials." (#43, at 9.) However, Werby's lack of legal sophistication and misunderstanding of the federal statute of limitations does not excuse his being lulled into inaction. *See Rasberry*, 448 F.3d at 1154; *Ferguson v. Palmateer*, 321 F.3d 820, 823 (2003) (reliance on a state statute of limitations rather than the AEDPA not reasonable).

Werby also argues that after learning his PCR Petition for

Review had been denied he only let 65 days pass before filing his federal petition. However, that is insufficient to demonstrate Werby was diligently pursuing federal habeas review in light of his inattention to the *federal* habeas petition until after his state petition for review had been denied. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003)("[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." *quoting Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)); *see also Holland*, 130 S.Ct. at 2557 (petitioner writes out and mails pro se petition a day after learning state proceedings final). The Court concludes Werby has not shown that he diligently pursued federal habeas relief, or that extraordinary circumstances prevented him from filing a federal petition within the one-year statute of limitations. Accordingly, equitable tolling is not warranted.

2.  Request for Discovery and Evidentiary Hearing

"A habeas petitioner . . . should receive an evidentiary hearing when he makes a 'good-faith *allegation that would, if true,* entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)), *cert. denied,* 549 U.S. 1317 (2007). Or, if there is conflicting evidence in the record. *See Bonner v. Hill*, 328

11 - FINDINGS AND RECOMMENDATION -

Fed. Appx. 379 (9th Cir. 2009)(citing *Roy*, 465 F.3d at 974 n.6).
If, however, the record is sufficiently developed for the court to
conclude the petitioner's allegations did not cause his
untimeliness, an evidentiary hearing is not required. *See Roberts*
*v. Marshall*, No. 08-55901 at 19978 (9th Cir. Dec. 13, 2010).

Equitable tolling for a federal habeas petition requires that
the petitioner show he has been diligently pursuing *federal habeas*
*relief* and that some extraordinary circumstances stood in his way.
*See Holland*, 130 S.Ct. at 2555-59 (petitioner's letters asked
counsel to make certain his claims would be preserved for federal
habeas review; repeatedly reminded counsel of the importance of
filing a timely federal petition; corrected counsel's erroneous
calculation for tolling the limitation period; repeatedly requested
counsel file a federal petition). The record in this case does not
include conflicting evidence, nor has Werby made allegations with
respect to pursuing *federal* habeas relief that would entitle him to
equitable tolling. Moreover, Werby acknowledges his inaction with
respect to federal habeas relief while he was incarcerated in
California. Accordingly, neither further discovery nor an
evidentiary hearing are warranted.

3.   Claim of Ineffective Assistance of Counsel

As the Court noted previously, Werby only addressed the
statute of limitations and equitable tolling in his Memorandum. He
did not address Respondent's argument that his claim of ineffective

assistance of counsel was unexhausted and without merit.  Because the Court finds Werby did not meet the requirements for equitable tolling or an evidentiary hearing, the Court need not address Respondent's remaining arguments.  However, the Court reviewed the record and notes the state PCR court found "[Werby's] pleas were knowing, voluntary and intelligent[,]" and denied relief on claims of ineffective assistance of counsel.  (#24, Ex. 121.)   The record includes a letter counsel sent Werby before he pleaded guilty, and an affidavit from counsel responding to Werby's claims his representation was deficient.  (#24, Ex. 116 at 2-3 and Ex. 111 at 2.)  Both support the PCR court's finding regarding the pleas and severely undermine Werby's claim.

Based on the record, the Court concludes that even if it were to apply equitable tolling, Werby would not be entitled to habeas relief.

### CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.   The Court further recommends a Certificate of Appealability not be issued as Werby has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district

13 - FINDINGS AND RECOMMENDATION -

judge.   Objections, if any, are due fourteen (14) days from service
of the Findings and Recommendation.   If no objections are filed,
then the Findings and Recommendation will go under advisement on
that date.

If objections are filed, then a response is due fourteen (14)
days after being served with a copy of the objections.   When the
response is due or filed, whichever date is earlier, the Findings
and Recommendation will go under advisement.

<u>NOTICE</u>

A party's failure to timely file objections to any of these
findings will be considered a waiver of that party's right to *de
novo* consideration of the factual issues addressed herein and will
constitute a waiver of the party's right to review of the findings
of fact in any order or judgment entered by a district judge.
These Findings and Recommendations are not immediately appealable
to the Ninth Circuit Court of Appeals.   Any notice of appeal
pursuant to Rule 4(a)(1) of the Federal Rules of Appellate
Procedure should not be filed until entry of judgment.

DATED this 14th day of December, 2010

Paul Papak
United States Magistrate Judge